IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| BRITTANY ARANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 5:11-6004-DGK-SSA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Brittany Arant ("Arant") seeks judicial review of the Commissioner of Social Security's denial of her application for supplemental security income (SSI) based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381 *et. seq*. Plaintiff has exhausted all of her administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

Arant contends she is entitled to benefits because she is unable to work due to bipolar disorder, ADHD, and PTSD. After independent review of the record, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole, and the Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

### Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).

Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's conclusion. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court may not reverse the Commissioner's decision as long as substantial evidence in the records supports this decision, even if substantial evidence in the record also supports a different result, or if the court might have decided the case differently were it the initial finder of fact. *Id.*

## Analysis

Generally, a federal court's review of the Commissioner's decision to deny an application for disability insurance benefits is restricted to determining whether the Commissioner's decision is consistent with the Act, the regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole. In determining whether a claimant is disabled, the Commissioner follows a five-step evaluation process.[1]

Plaintiff, a twenty-three year-old woman, filed her application for disability benefits on July 18, 2008, alleging she became disabled on July 1, 2006. In her disability report, she alleged disability due to bipolar disorder, ADHD, and PTSD. After reviewing the record and conducting a hearing, the ALJ found Plaintiff was not disabled. Plaintiff contends the ALJ erred by (1)

---

[1] The five-step process is as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, he is not disabled; if not, the inquiry continues. At step two the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments. If so, and they meet the durational requirement of having lasted or being expected to last for a continuous 12-month period, the inquiry continues; if not, the applicant is considered not disabled. At step three the Commissioner considers whether the impairment is one of specific listing of impairments in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four the Commissioner considers if the applicant's residual functional capacity ("RFC") allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five the Commissioner considers whether, in light of the applicant's age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). Through step four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King*, 564 F.3d at 979 n.2.

assigning little weight to the opinions of two treating physicians; and (2) by formulating a vague residual functional capacity ("RFC") determination which is not supported by substantial evidence on the record. The Court finds no merit to these arguments.

**A.      The ALJ did not err in weighing the medical opinion evidence.**

Plaintiff argues that the ALJ erred by giving too little weight to the opinions of two treating counselors, Dr. Jose Menendez, M.D., and Ms. Debbie Fannon, NCC, LPC,[2] who reported by checking boxes on pre-printed medical source statement-mental ("MSSM") forms that Plaintiff had moderate or marked limitations in understanding and memory, sustained concentration and persistence, social interaction, and ability to adapt. Pl.'s Br. at 14-23.

The record in this case contains a range of medical opinions regarding Plaintiff's impairments, and it is the ALJ's responsibility to resolve conflicts among different medical opinions. *Finch v. Astrue*, 547 F.3d 922, 936 (8th Cir. 2008). Although a treating physician's opinion concerning an applicant's functional limitations is generally entitled to substantial weight, "[a] treating physician's opinion does not automatically control or obviate the need to evaluate the record as whole." *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004) (internal quotation omitted). The ALJ may discount a treating physician's opinion that is inconsistent with, or contradicted by, other evidence in the record. *Strongson v. Barnhart*, 361 F.3d 1066, 1070-71 (8th Cir. 2004); *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *see also* SSR 96-2p (stating that controlling weight may be given only in appropriate circumstances, and may not be given unless the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record).

---

[2] The abbreviations "NCC" and "LPC" mean National Certified Counselor and Licensed Professional Counselor, respectively.

Here, the ALJ gave legally sufficient reasons to discount Dr. Menendez's opinion. Dr. Menendez expressed his opinion on a fill-in-the-blank MSSM form which, as the ALJ observed, provided no citation to or discussion of any specific examinations, diagnostic tests, or objective medical findings upon which he based his opinion. R. at 20, 654-55. Such conclusory checklist forms are of little evidentiary value, particularly when unsupported by and contradictory to the substantial evidence of record. *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (holding the ALJ did not err in discounting physician's opinion because it was conclusory, consisted of three checklist forms, cited no medical evidence, and provided little elaboration).

Additionally, Plaintiff's treatment relationship with Dr. Menendez was limited. Dr. Menendez saw the Plaintiff only four times: he performed a psychiatric assessment in January 2010, and then saw Plaintiff for three 15-minute medication check-ups in March and April 2010. R. 579, 661-63. As of March 3, 2010, the date Dr. Menendez completed the MSSM form, he had only performed the psychiatric assessment and seen Plaintiff for one 15-minute medication check-up. Furthermore, it appears Dr. Menendez was seeing her only to oversee her medication. Plaintiff was actually being seen and treated by another counselor in Dr. Menendez's office for relationship issues she was having with her then fiancé. R. at 654-55, 657-58. Notably, nothing in this counselor's treatment notes indicates Plaintiff was experiencing any work-related functional limitations as a result of her problems with her fiancé. R. at 576-77, 664.

Moreover, Dr. Menendez's own treatment notes discredit his conclusion concerning the severity of her mental limitations. When Dr. Menendez last saw the Plaintiff in April 2010, Plaintiff reported that she felt "alright," and "normal." Dr. Menendez also found that her mood was stable, her anxiety had decreased, and that her target symptoms of depression and mood swings had lessened. R. at 661. These improvements in her symptoms support the ALJ's

determination, because "[i]mpairments that are controllable or amenable to treatment do not support a finding of disability." *Davidson v. Astrue*, 578 F.3d 838, 846 (8th Cir. 2009).

Plaintiff argues her hospitalization on two occasions for severe psychiatric symptoms supports the limitations suggested in Dr. Menendez's MSSM. However, these episodes were both remote in time to Dr. Menendez's March 2010 MSSM and consisted of emergency room visits with no inpatient stays. R. at 342-46, 353-54. Thus they are not evidence of disabling mental limitations. Accordingly, the ALJ did not err in discounting the restrictions suggested by Dr. Menendez.

Likewise, the ALJ did not err in giving little weight to Ms. Fannon's MSSM form. As a preliminary matter, Ms. Fannon, a counselor, is not a treating medical source whose opinion can be given controlling weight. *Lacroix v. Barnhart*, 465 F.3d 881, 885-86 (8th Cir. 2006) (observing that under the Social Security regulations, only a physician or psychologist, can be a treating source whose opinion may be entitled to controlling weight) (citing 20 C.F.R. §§ 404.1502 and 416.902; SSR 06-03p). Additionally, the ALJ properly considered her opinion. He specifically discussed and considered Ms. Fannon's MSSM form, and in so doing, found that like Dr. Menendez's form, it was entitled to little weight because it was not well-supported by medically acceptable clinical and laboratory diagnostic techniques and was inconsistent with the substantial evidence of record. R. at 19-20, 649-50. The ALJ also noted that Ms. Fannon did not cite any specific examinations, diagnostic tests, or objective medical findings upon which she based her assessment of Plaintiff's mental limitations. R. at 20. Consequently, the ALJ did not err by giving too little weight to Dr. Menendez and Ms. Fannon's MSSM forms.

5

### B. The ALJ did not err in formulating Plaintiff's RFC.

Plaintiff also argues that the ALJ erred by formulating a "vague" RFC that is not supported by substantial evidence on the record. Plaintiff also argues that the ALJ's RFC assessment did not comply with regulation 96-8p.[3]

An ALJ's RFC finding is based on all record evidence. *See Wildman*, 596 F.3d at 969 (citing *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000)); *see also* 20 C.F.R. § 416.945; SSR 96-8p. The RFC formulation is not based only on "medical" evidence, *i.e.*, evidence from medical reports or sources, rather it is based on all the relevant, credible evidence of record. *See Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007). In the RFC, "the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her" ability to perform exertional tasks. *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003).

Plaintiff contends this case should be remanded because the ALJ's RFC finding is impermissibly vague in that it does not specify maximum capabilities of sitting, standing, or walking. Pl.'s Br. at 24. In his decision the ALJ wrote that,

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 416.967(b) except being limited to simple, routine, repetitive work that is as stress free as possible with an SVP[4] of 2 or less. She should have limited contact with the public and coworkers. She needs to work on a level surface and cannot use foot controls or work at unprotected heights or around moving machinery. She needs to work in an environment that is relatively free of smoke, dust and other airborne pollutants.

R. at 14. The regulations define "light work" as work that "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20

---

[3] SSR 96-8p provides guidance as to how the Commissioner makes an RFC assessment and contains many different points of emphasis.
[4] "SVP" is an abbreviation for Specific Vocational Preparation. *Hulsey v. Astrue*, 622 F.3d 917, 922-23 (8th Cir. 2010). Generally speaking, SVP refers to the amount of time it takes an individual to learn to do a given job. *Id.* at 922. A job with an SVP of one is the least complex type of unskilled work. *Id.* A job with an SVP level of two requires more than a short demonstration, but not more than one month to learn. *Id.*

C.F.R. § 416.967(b).  Additionally, "[e]ven though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  *Id.*  "[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday," and "[s]itting may occur intermittently during the remaining time."  SSR 83-10.  Consequently, the ALJ's finding that Plaintiff was limited to light work as defined in 20 C.F.R. § 416.967(b), with the additional restriction that the work be performed on a level surface with no use of foot controls, was neither vague nor contrary to the requirements of SSR 96-8p.

The ALJ did not err by failing to explain his RFC determination in more detail.  The ALJ amply discussed the relevant evidence in other portions of his decision, and there was no need for him to repeat that discussion.  The ALJ is not required to immediately follow each RFC limitation with a specific list of the evidence on which the ALJ relied to support it.  SSR 96-8p.  While the ALJ could have provided a longer narrative discussing how the evidence supports his conclusion, at worst this is a mere deficiency in opinion writing that does not justify setting aside a finding that is otherwise supported by substantial evidence on the record.  *See Hepp v. Astrue*, 511 F.3d 798, 806 (8th Cir. 2008).

The ALJ determined Plaintiff's RFC after considering the record as a whole and it is based on a consideration of the medical and non-medical evidence.  Furthermore, the hypothetical question posed to the vocational expert was proper, since it included only those impairments and restrictions the ALJ found credible.  *Howe v. Astrue*, 499 F.3d 835, 842 (8th Cir. 2007).  Thus, the vocational expert's subsequent testimony that Plaintiff could perform other work constitutes substantial evidence supporting the ALJ's decision and must be upheld.  *See Hulsey v. Astrue*, 622 F.3d 917, 925 (8th Cir. 2010) (holding a vocational expert's testimony

constitutes substantial evidence when it is based on a hypothetical that accounts for all of the claimant's proven impairments).

## Conclusion

After careful examination of the record as a whole, the Court finds the ALJ's determination is supported by substantial evidence on the record, and the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  March 29, 2012                      /s/ Greg Kays
                                                             GREG KAYS, JUDGE
                                                             UNITED STATES DISTRICT COURT